IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRADLEY JOSEPH STEIGER, # 229229,   )
                                     )
              Petitioner,            )
                                     )
      v.                             )      Civil Action No. 2:16cv594-MHT
                                     )                (WO)
MICHAEL STRICKLAND, *et al.*,        )
                                     )
              Respondents.           )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on Bradley Joseph Steiger's ("Steiger") amended *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See* Doc. Nos. 22 & 27.[1] Steiger, an Alabama inmate, challenges the Alabama Department of Corrections' ("ADOC") jail credit/release date calculations for his state prison sentence for production of child pornography.  In their answer filed on September 23, 2016 (Doc. No. 50), the Respondents assert that Steiger has failed to exhaust his state court remedies regarding his claims and that, therefore, his habeas petition should be dismissed without prejudice.

## DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.  References to exhibits ("Ex.") are to those included with the Respondents' answer (Doc. No. 50).

exhausted the remedies available in the courts of the [convicting] State."  28 U.S.C. § 2254(1)(b)(1)(A).  Because Steiger is "in custody pursuant to the judgment of a State court," he is subject to § 2254's exhaustion requirement.  *See Dill v. Holt*, 371 F.3d 1301, 1302-03 (11th Cir. 2004).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).  A complete round of the state appellate process includes discretionary appellate review "when that review is part of the ordinary appellate review procedure in the State."  *O'Sullivan*, 526 U.S. at 847.

Under Alabama law, a petition for a writ of habeas corpus filed in the state circuit court is the proper method to initiate a challenge to the State's calculation of the time an inmate must serve in prison.  *See, e.g. Gunn v. State*, 12 So.3d 711, 712 (Ala. Crim. App. 2007); *Day v. State*, 879 So.2d 1206, 1207 (Ala. Crim. App. 2003).  To invoke "one complete round" of Alabama's established appellate review process, a petitioner receiving an unfavorable decision by the state circuit court must then properly seek review in the Alabama Court of Criminal Appeals and, if an unfavorable decision is obtained in the

2

Alabama Court of Criminal Appeals, properly seek certiorari review by the Alabama Supreme Court. *Williams v. Billups*, No. 1:13cv929-WHA, 2016 WL 3007140, at *2 (Ala. M.D. Mar. 30, 2016); *see Dill*, 371 F.3d at 1303; *Pruitt*, 348 F.3d at 1359.

The Respondents' answer and the materials before this court reflect that Steiger filed a state petition for writ of habeas corpus, with attachments, in the Montgomery County Circuit Court on March 9, 2016, alleging that State officials had miscalculated his "jail credit" by 1,009 days and that his release date should be August 10, 2016, instead of his scheduled release date of May 15, 2019. *See* Ex. G at 2-17. The State filed a motion to dismiss with supporting exhibits on May 31, 2016. Ex. H. The circuit court summarily dismissed the habeas petition on June 6, 2016. Ex I. Steiger filed a "notice of superintending appeal to Ala. S. Ct." on June 17, 2016, alleging it would be futile to appeal to the Alabama Court of Criminal Appeals. Ex. J. The Alabama Supreme Court transferred Steiger's appeal to the Alabama Court of Criminal Appeals by written order issued on June 20, 2016. Ex. K. The matter is currently pending in the Alabama Court of Criminal Appeals, awaiting further action of that court. *See* Ex. L. It is therefore apparent that Steiger has not yet exhausted his available state court remedies regarding the claims in his federal habeas petition.

This court afforded Steiger an opportunity to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. *See* Doc. Nos. 51 & 55. Steiger, however, has failed to present this court with a persuasive ground for waiving the exhaustion requirement. This court does not deem it appropriate to rule on Steiger's federal habeas

3

claims without first requiring that he exhaust his available state court remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Consequently, Steiger's petition for writ of habeas corpus should be dismissed without prejudice so he can pursue those remedies.

## CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that Steiger's 28 U.S.C. § 2254 petition for habeas corpus relief (Doc. Nos. 22 & 27) should be DISMISSED without prejudice, because Steiger has failed to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 21, 2016.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of November, 2016.

_____/s/ Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

5